**People of the State of Illinois, Plaintiff-Appellee, v. William Walton (Impleaded), Defendant-Appellant.**

**Gen. No. 52,069.**

First District, Third Division.

November 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George C. Rantis and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Arnold Block, and James

S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was indicted on a charge of unlawful possession of marijuana in violation of the Uniform Narcotic Drug Act (Ill Rev Stats, c 38, § 22–1 et seq., 1965). He was found guilty in a trial without a jury and after a hearing in aggravation and mitigation he was sentenced to the State Penitentiary for a term of from three to six years. On appeal he contends: (1) that the indictment, by failing to allege the element of "knowledge," did not charge the commission of a crime, and (2) that the statutory classification of marijuana with narcotic drugs is arbitrary and unreasonable and in violation of both the State and Federal Constitutions. The facts follow.

On June 10, 1965 Detectives Richard McKelvey and Raymond Kurowski accompanied by Robert Janet, a federal narcotics agent, went to the first floor apartment at 309 North St. Louis Avenue, in the City of Chicago to search the premises pursuant to a search warrant. Janet stationed himself at the rear of the building while detectives McKelvey and Kurowski went to the front entrance of the apartment and knocked on the door. They announced who they were and that they had a search warrant for the premises. A sound which resembled the twisting or rustling of paper came from within the apartment. They called out again, waited a few moments and finally forced entry into the premises. As they entered, the defendant walked out of an adjoining bedroom and approached them at the front door. The detectives exhibited their badges and gave defendant a copy of the search warrant. As he read over the warrant he said, "Go ahead and search, there is nothing here." The two detectives then searched the bedroom

which defendant had just left. They found two suitcases, one on a bed and the other on a chair next to the bed. The suitcase on the bed was open and contained a small quantity of crushed green plant. As McKelvey opened the suitcase lying on the chair, he sensed the strong aroma of marijuana. In the meantime, Janet had taken a position some 15 to 20 feet from a rear window of the building. From that location he observed the defendant open a window and throw out a brown paper bag. Janet retrieved the bag and brought it around to the front entrance, where he gave it to McKelvey. Charles Vondrak, a Chicago Police Department chemist, testified that he conducted several laboratory tests on the crushed green plant found in both the suitcase and the paper bag and that it was his conclusion that both substances were marijuana. Defendant did not testify and no evidence was offered on his behalf.

█ We proceed to a consideration of defendant's first point, that an indictment for unlawful possession of marijuana is fatally defective if it omits an allegation that the act of possession was accompanied by knowledge. The recent decision of our Supreme Court in People v. Mills, 40 Ill2d 4, 237 NE2d 697, since followed in People v. Bussie, 41 Ill2d 323, 243 NE2d 196, and People v. Nelson, 109 Ill App2d 396, 248 NE2d 740, is conclusive on that issue. The indictment in Mills was couched in the same terms, in all material respects, as the one now before us. The court said, at p 13:

> "[W]e find that the defendant must be held chargeable with notice that the term possession used in the indictment implicitly meant knowing possession, and therefore we hold that the indictment returned against Mills was valid although it did not expressly allege that he had knowledge of the narcotics found within his control."

We conclude that the offense in the instant case was properly charged in the indictment.

Defendant's second contention is that the statutory classification of marijuana as a narcotic drug (Ill Rev Stats, c 38, § 22–2–17, 1965) is unconstitutional, in that such a classification is so arbitrary and unreasonable as to deprive the defendant of his rights under the Fourteenth Amendment to the Federal Constitution and Article II, Section 2, of the Illinois Constitution. That argument is premised on the assumption that the classification of marijuana with physically addicting drugs is without scientific support.

In People v. Stark, 157 Colo 59, 400 P2d 923 (1965) the Colorado Supreme Court held on the basis of evidence submitted at the trial that whether addictive or not it (marijuana) is dangerous and should be regulated. Recognizing that differences of opinion exist as to whether the drug is physically or psychologically addictive, the court nevertheless upheld the classification on the ground that it was within the police power of the state and bore a reasonable relation to the safety and welfare of the community. While we find no such case in our courts specifically involving marijuana, statutory classifications relating to public safety and welfare are upheld if within a proper police power purpose and reasonably adapted to secure the ends for which they are intended. Stewart v. Brady, 300 Ill 425, 133 NE 310; Tometz v. Board of Education, 39 Ill2d 593, 237 NE2d 498; City of Chicago v. Vokes, 28 Ill2d 475, 193 NE2d 40.

In Commonwealth v. Leis (Mass), 243 NE2d 898 (1969) the Supreme Judicial Court of Massachusetts had before it a statute which was, like our own, derived from the Uniform Narcotic Drug Act. After examining the testimony of 18 expert witnesses, the court upheld the classification of marijuana as a narcotic drug. The court found from the testimony that marijuana "is a mind-altering drug," "causes an alteration of sensory percep-

tion, a degree of psychomotor discoordination and an inability to concentrate," and that "the effects of smoking marijuana are unpredictable." Finally, after reviewing the evidence as it related to a classification which, like the Illinois statute, places marijuana, a non-opiate, with the so-called "hard narcotics" or opium derivatives such as heroin, morphine and codeine, the court said (p 905):

> "All of these substances are mind-altering drugs. The fact that some are more potent or more dangerous than others does not render the classification arbitrary. To some degree they are all capable of producing psychotic disorders, states of intoxication and psychological dependency; and consequently present some danger to the health and safety of the community. We do not think that the classification of marijuana with the others is arbitrary."

In the instant case the defendant presented no evidence on the nature of marijuana or its relation to the other drugs listed as narcotics by the statute. Nor are we referred to any legal authority which has passed favorably on the contention he now urges. Unlike the Stark and Leis cases, supra, which dealt, although adversely, with the merits of similar contentions, there is no basis in the record in the instant case which would justify our holding other than in accordance with the presumption in favor of statutory validity. The judgment of the trial court is therefore affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.