## MATTER OF ROBINSON

### In Deportation Proceedings

### A-11785088

*On Appeal From the Immigration Judge's Order;*
*Affirmed by Board March 5, 1975*

Respondent pleaded guilty to violating sections 11501 and 11500.5 of the Health and Safety Code of California, relating to the unlawful possession and sale of heroin. This guilty plea is a conviction within the meaning of section 241(a)(11) of the Immigration and Nationality Act, and renders respondent deportable. This is so notwithstanding that action in the criminal proceeding was superseded prior to rendering of the final judgment in order that proceedings could be commenced against respondent under the California Involuntary Narcotic Commitment Statute (Sec. 3051, California Welfare and Institutions Code).

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a violation of law relating to narcotics.

ON BEHALF OF RESPONDENT: Arthur E. Lester, Esquire
4075 Main Street
Riverside, California 92501

### BEFORE THE IMMIGRATION JUDGE

### ORAL DECISION OF THE IMMIGRATION JUDGE

This matter was remanded by the Board of Immigration Appeals on October 5, 1973 to afford the parties an opportunity to include in the record the Order of Civil Commitment to a narcotics rehabilitation center and to bring out what the present status of the respondent's case is under the California Code. Respondent had argued that although she has entered a plea of guilty to two counts of willfully and unlawfully selling, furnishing and giving away a narcotic, to wit, heroin, in violation of Section 11501 of the Health and Safety Code of California and one count of violation of Section 11500.5 of the Health and Safety Code (possession for sale, a narcotic, to wit, heroin), she was not convicted for immigration purposes since her criminal case was suspended by the Trial Judge and proceedings were commenced under the California Involuntary Narcotic Commitment Statute, California Welfare and Institutions Code, Section 3051. Respondent argued that because of the

197

Court's action in ordering her commitment under the California Welfare Institutions Code, further criminal action in her case was suspended and she was not in the position to file an appeal from the conviction since there will be no judgment to appeal from until she is returned to the criminal Courts for final sentencing. The respondent's Counsel cited *Verdugo* v. *Nelson*, 310 F. Supp. 377 (1969) in support of his position.

In *Verdugo*, the petitioner was convicted and after the conviction the criminal matter was suspended for civil commitment under the California Involuntary Narcotic Commitment Statute. As pointed out by Judge Greenwald in his previous decision, a plea of guilty is a conviction within the meaning of Section 241(a)(11) of the Immigration and Nationality Act. In the interest of the uniform application of the Federal Statutes, the meaning of the word convicted is a Federal question and requires a uniform application. *Wills* v. *I.N.S.*, (C.A. 7,) 447 F.2d 529. At times the word "convicted" has various meanings and that "sometimes the exhaustion or waiver of appeal rights has been found necessary to the existence of a conviction," supra. In considering whether there has been a final conviction under California Health and Safety Code 11530 of an alien who was committed under California Welfare and Institutions Code 3051, the United States Court of Appeals sustained the Board of Immigration Appeals upholding a finding of deportability. *Dunn-Marin vs. District Director, 426 F.2d 894, (C.A. 9, 1970)*. The same Circuit in *Gruz-Martinez v. Immigration and Naturalization Service* 404 F.2d 1198, *Cert. denied. 394 U.S. 955*, made the following statement,

> "deportation is a function of Federal and not state law. In the context of a narcotics conviction, deportation is a punishment independent from any that may or may not be imposed by the State. While it is true that the same event, the state conviction, triggers both sets of consequences; it would be anomalous for federal action based on a State conviction to be controlled by how the State chooses to subsequently treat the event. It is the fact of State conviction, not the manner of State punishment for that conviction, that is crucial".

The conviction of the respondent occurred when she entered her plea of guilty to three counts of violating the narcotic laws of California. I am satisfied that deportability has been established by clear, convincing and unequivocal evidence.

ORDER: IT IS ORDERED that the respondent be deported from the United States to the Netherlands on the charge contained in the order to show cause.

## BEFORE THE BOARD
(March 5, 1975)

This is an appeal from an order of an immigration judge finding the respondent deportable on the above charge and directing her deportation to the Netherlands. The appeal will be dismissed.

Our review of the entire record satisfies us that the decision of the immigration judge correctly sets forth the facts and properly applies the pertinent legal principles. We concur in his conclusion that *Dunn-Martin v. District Director*, 426 F.2d 894 (C.A. 9, 1970) is dispositive of the issue which the respondent presents on appeal, and requires a finding that her conviction is final with regard to deportability under section 241(a)(11) of the Immigration and Nationality Act. We find *Will v. INS*, 447 F.2d 529 (C.A. 7, 1971), cited by counsel in support of this appeal, to be distinguishable.

Accordingly, we conclude that the decision of the immigration judge contained no error, and it will be affirmed. The following order will therefore be entered.

**ORDER:** The appeal is dismissed.