**Marcelino MONTENEGRO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, and Judge Robert Vinikoor, Respondents.**

No. 02–3089.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 21, 2003.

---

Marcelino Montenegro, Hillsboro, IL, pro se.

Thomas A. Keith, Peoria, IL, for Respondents.

*OPINION*

RICHARD MILLS, District Judge.

Cocaine is the reason Montenegro is being deported.

He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and seeks review of an order of removal.

The Court's jurisdiction is established by *Calcano–Martinez v. I.N.S.*, 533 U.S. 348, 352, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001) (holding that the Antiterrorism and Effective Death Penalty Act (AEDPA) and Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) did not deprive district courts of jurisdiction under 28 U.S.C. § 2241 over legal questions raised by criminal aliens in habeas petitions seeking review of final removal orders).

Specifically, Petitioner alleges Respondents acted in violation of the Constitution when they retroactively applied AEDPA and IIRIRA and initiated removal proceedings before Petitioner's conviction became final.[1]

*FACTS*

On April 25, 1996, a jury convicted Petitioner for possessing, with the intent to deliver, more than 900 grams of cocaine. On October 30, 1996, Petitioner was sentenced to twenty years in the Illinois Department of Corrections. His conviction was affirmed by the Illinois Appellate Court. The Illinois Supreme Court denied Petitioner's Leave to Appeal on October 6, 1998. On July 30, 1998, Petitioner received a Notice of Hearing from the Immi-

---

1. Respondents argue the Court has no subject matter jurisdiction to hear a petition arguing that Respondents' decision was an abuse of discretion. *See Sol v. INS*, 274 F.3d 648, 651 (2d 2001). The Court reads the petition to complain that IIRIRA was impermissibly applied retroactively and that the Immigration Judge initiated removal proceedings in violation of the Fifth Amendment's due process clause. These are issues the Court has jurisdiction to review. *Calcano Martinez*, 533 U.S. at 352, 121 S.Ct. 2268.

gration and Naturalization Service requesting Petitioner to appear and show cause why he should not be deported under the Immigration and Naturalization Act. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (stating that "any alien who is convicted of an aggravated felony at any time after admission is deportable").[2]

## DISCUSSION

■ Generally, exhaustion of administrative remedies is required under the Immigration and Naturalization Act (INA) before an alien may challenge an order of removal. *See* 8 U.S.C. § 1252(d). Exhaustion is not required, however, for constitutional claims because the Board of Immigration Appeals does not have the authority to adjudicate such issues. *Castaneda–Suarez v. I.N.S.*, 993 F.2d 142, 144 (7th Cir.1993). Petitioner admits he did not appeal the removal order to the Board of Immigration Appeals, but because Petitioner raises constitutional issues, the exhaustion requirement is excused.

### Retroactive Application of IIRIRA

■ Petitioner argues IIRIRA and AEDPA should not apply to removal proceedings brought against an alien whose alleged offense was committed prior to their enactment. Specifically, Petitioner would like to take advantage of repealed section 212(c) which afforded discretionary relief from deportation in certain circumstances. The statutory history of discretionary relief from deportation is complex. To summarize briefly:

Prior to 1997, aliens deportable under the INA could apply to the Attorney General for a discretionary waiver of

deportation pursuant to § 212(c) of the INA. To qualify for such relief, an alien was required to show that he (1) was a lawful permanent resident of the United States, (2) had an unrelinquished domicile of seven consecutive years, and (3) had not committed an aggravated felony for which he had served a term of at least five years. *See* 8 U.S.C. § 1182(c) (1994). If the alien met these requirements, the Attorney General had the discretion to waive deportation. *See id.; St. Cyr[v. INS]*, 229 F.3d [406, 410 (2d Cir.2000) ]. In 1996, Congress enacted first the [AEDPA], which limited eligibility for relief under § 212(c), *see* AEDPA, Pub.L. No. 104–132, § 440(d), 110 Stat. 1214, 1277 (1996), and then the [IIRIRA] which repealed INA § 212(c) completely, effective April 1, 1997. *See* IIRIRA, Pub.L. No. 104–208, § 304(b), 110 Stat. 3009–546, 597 (1996). Section 212(c) relief was, in effect, replaced by a new form of relief called "cancellation of removal," 8 U.S.C. § 1229b, which allows the Attorney General to cancel removal proceedings for a class of resident aliens that does not include those convicted of an aggravated felony.

*Rankine v. Reno*, 319 F.3d 93 (2d Cir. 2003). As a result, resident aliens convicted of aggravated felonies are generally not eligible for any form of discretionary relief from deportation when removal proceedings are commenced after April 1, 1997.

Petitioner asserts that although his removal proceedings began after April 1, 1997, the AEDPA and IIRIRA should not retroactively apply to him because the conviction was entered prior to their enactment.[3] The United States Supreme Court

---

2. An aggravated felony is defined as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1101(a)(43). Cocaine is a Schedule II controlled substance. *See* 21 U.S.C. § 812.

3. Because Petitioner was placed in removal proceedings after IIRIRA's effective date, the Court will have to determine only whether § 304(a) of IIRIRA applies (and not § 404(b)

has been receptive to this argument when the resident alien's pre-IIRIRA conviction stemmed from a plea agreement. *I.N.S. v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that " § 212(c) relief remains available for aliens [ ] whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect").

Petitioner's decision to plead not guilty and roll the dice at trial occurred before IIRIRA became effective. Our circuit and several others faced with this situation have concluded that the IIRIRA can be applied to aliens whose removal proceedings began after the 1996 Act but who were convicted at trial prior to the repeal of § 212(c). *See Lara–Ruiz v. I.N.S.*, 241 F.3d 934, 945 (7th Cir.2001) (holding that applying § 304(a) to petitioner, who "did not enter a plea of guilty," would not have retroactive effect because " 'it would border on the absurd' to argue that an alien would refrain from committing crimes or would contest criminal charges more vigorously if he knew that after he had been imprisoned and deported, a discretionary waiver of deportation would no longer be available to him"); *Dias v. I.N.S.*, 311 F.3d 456, 458 (1st Cir.2002) (holding that "application of the new statutory limitations on discretionary relief does not have an impermissible retroactive effect on those aliens who would have been eligible for discretionary relief when they were convicted of a felony after trial"); *Theodoropoulos v. I.N.S.*, 313 F.3d 732, 740 (2d. Cir.2002) (holding that *St. Cyr* shall not be extended to an alien who chooses to go to trial); *Chambers v. Reno*, 307 F.3d 284, 293 (4th Cir.2002) (holding that the application of IIRIRA § 304(b) is not impermissibly retroactive as to an alien convicted at trial of an aggravated felony); *Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir.2002) (holding that "unlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known about § 440(d)").

Petitioner is not entitled to 212(c) relief simply because he was convicted of possession of cocaine before the section was repealed. Petitioner did not enter into a plea bargain but instead chose to plead not guilty and take his chances at trial. Therefore, he does not fall within the purview of *I.N.S. v. St. Cyr* The Court is guided by the precedent above and finds Petitioner's argument unavailing.

*Due Process Violation*

█ Petitioner claims the Immigration Judge acted in violation of the due process clause of the Fifth Amendment when he issued a removal order on October 19, 1998. Petitioner alleges his conviction was not yet final and could not support a removal order. "To prevail on a due process claim, a petitioner must produce 'concrete evidence' indicating that the due process violation 'had the potential for affecting' the outcome of the hearing." *Ambati v. Reno*, 233 F.3d 1054, 1061 (7th Cir.2000) (citations omitted).

Prior to the enactment of IIRIRA, the term conviction was not defined.[4] When

---

of the AEDPA), thus barring Petitioner from receiving the benefits of former § 212(c).

4. The term conviction is now defined, with respect to an alien, as a:

formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

deportation was based on a conviction, courts required the conviction to be "final." So long as a direct appeal was pending, a conviction was not final. *See Pino v. Nicolls,* 215 F.2d 237, 244 (1st Cir.1954), rev'd on other grounds 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (stating that "judicial action in the normal routine appellate review provided by law, [is] part of the ordinary processes of re-examination, the outcome of which perhaps ought to be awaited before it can be said, with sufficient certainty and definiteness, that the state has 'convicted' the alien of crime"); *Will v. I.N.S.,* 447 F.2d 529, 533 (7th Cir.1971) (holding that "as long as a direct appeal is pending, it is sufficient to negate finality of conviction for the purposes of [deportation]"); *Morales–Alvarado v. I.N.S.,* 655 F.2d 172, 175 (9th Cir. 1981) ("Once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for the purpose of the immigration laws."); *White v. I.N.S.,* 17 F.3d 475, 479 (1st Cir.1994) (holding that a conviction is final if direct appellate review has been either exhausted or waived); *Mansoori v. I.N.S.,* 32 F.3d 1020, 1024 (7th Cir.1994) ("At the time of Mansoori's deportation hearing, there was no direct appeal pending; therefore, the state conviction was final for deportation purposes.").

Whether these cases remain viable after the enactment of IIRIRA has been the subject of some debate. The Fifth Circuit stated "[t]here is no indication that the finality requirement imposed by *Pino,* and

this court, prior to 1996, survives the new definition of 'conviction' found in IIRIRA § 322(a)." *Moosa,* 171 F.3d at 1009. A court in the Northern District of Illinois continues to impose a finality requirement, holding that "[f]or immigration purposes, a conviction is final when an alien has exhausted his right to direct appeal despite any possibility for discretionary review." *Kahn v. Perryman,* No. 00 C 3398, 2000 WL 1053962, *2 (N.D.Ill. July 31, 2000).

■ The question need not be resolved here. Even if Petitioner's conviction was effectively suspended while he sought appellate review, it became final on October 6, 1998 when the Illinois Supreme Court denied his Leave to File an Appeal—almost two weeks prior to the Immigration Judge's order of removal on October 19, 1998.[5]

Petitioner also filed a post-conviction petition, collaterally attacking his state-court conviction. Petitioner asserts conducting a removal hearing in October 1998 was unconstitutionally premature because his post-conviction petition was still working its way through the courts of Illinois.

Even before the IIRIRA, collateral proceedings did not affect the finality of a conviction. *See Pino,* 215 F.2d at 244 (holding that "[t]he mere possibility of [the conviction being overturned] does not defeat deportation of the convicted alien; though of course if, prior to deportation, he has succeeded in one of these ways in upsetting his conviction, it can no longer serve as a basis for deportation"). "To hold otherwise would substantially do

---

8 U.S.C. § 1101(a)(48). As congressional intent is clear, the definition of conviction is applied retroactively. *Moosa v. I.N.S.,* 171 F.3d 994, 1006–07 (5th Cir.1999).

5. Petitioner petitioned the United States Supreme Court for writ of certiorari which was subsequently denied on February 22, 1999. Even if Petitioner's conviction did not become

final until that date, Petitioner has not shown that holding a deportation hearing prior to February 22, 1999 was a "due process violation [that] 'had the potential for affecting' the outcome of the hearing." *Ambati,* 233 F.3d at 1061. Indeed, the U.S. Supreme Court refused to hear Petitioner's case.

away with deportation for conviction as the ingenious deportee could by a succession of post-conviction proceedings postpone finality of judgment." *Will,* 447 F.2d at 533. Petitioner's due process argument, predicated on a pending postconviction petition, is without legal support.

### CONCLUSION

Applying IIRIRA to Petitioner's removal proceedings was not impermissibly retroactive because the removal proceedings were based on a conviction secured at trial and were initiated after IIRIRA's effective date. Petitioner's removal proceedings were not constitutionally infirm simply because a state post-conviction petition was pending in the Illinois courts at the time of the deportation order.

*Ergo,* the Petition for Writ of Habeas Corpus is DENIED.