**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2902
_____

LLOYD SAMUEL CRAWFORD,
a/k/a Lloyd Crawford, a/k/a Steve S. Russel

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

Lloyed Samuel Crawford,
                                                Petitioner
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A035-597-547)
Immigration Judge:  Honorable Margaret Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 21, 2012

Before: AMBRO, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 1, 2013)
_____

OPINION
_____

PER CURIAM

Lloyd Samuel Crawford, a native of Jamaica, petitions for review of a decision of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.

In 1979, Crawford was admitted to the United States and became a lawful permanent resident. In 1990, he was convicted of possession of a controlled substance with intent to distribute and, in 1997, aggravated assault. In 2011, Crawford was charged as removable as one convicted of an aggravated felony and for his two convictions for crimes involving moral turpitude. Proceeding pro se, Crawford denied removability. An Immigration Judge (IJ) determined that the government had shown by clear and convincing evidence that Crawford was removable as an aggravated felon for his conviction for a drug trafficking crime. The IJ also sustained the charge that Crawford was removable for his convictions for two crimes involving moral turpitude. The IJ noted that Crawford testified that he did not fear persecution or torture if removed to Jamaica and determined that, as an aggravated felon, he was not eligible for cancellation of removal. Crawford appealed.

The BIA dismissed the pro se appeal. With respect to the drug trafficking charge, the BIA noted that it could not go beyond the record of conviction to examine Crawford's claim that he was "framed" by a police officer. In response to Crawford's claim that his criminal attorneys were ineffective for failing to advise him of the immigration consequences of his pleas, the BIA observed that his convictions were valid as they had not been vacated or modified. The BIA agreed with the IJ that Crawford was not eligible

2

for cancellation of removal because he had been convicted of an aggravated felony. It determined that while Crawford asserted that he was hard of hearing and "slow in thinking," he did not allege that he would be persecuted or tortured in Jamaica. The BIA noted that it did not have the authority to grant Crawford relief on humanitarian grounds. Still proceeding pro se, Crawford filed a petition for review.

Because Crawford is an aggravated felon—a determination he does not contest—we lack jurisdiction to review the denial of his claims for relief except for legal and constitutional claims. See 8 U.S.C. § 1252(a)(2)(C)&(D). Crawford argues that he was denied a fair hearing when the IJ failed to grant him a continuance despite the fact that he had pending a post-conviction petition challenging his convictions. The IJ did continue the hearing several times to give Crawford the opportunity to obtain a lawyer. Moreover, Crawford did not exhaust this issue before the BIA: he did not challenge the IJ's refusal to continue the case. We lack jurisdiction to review unexhausted arguments. 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (citing Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 2989)). Thus, regardless of whether this argument raises a constitutional issue, we lack jurisdiction to review it.

Crawford also argues that the IJ erred in failing to allow him to apply for relief. He states that he repeatedly asked to apply for cancellation of removal. However, Crawford is not eligible for cancellation of removal as an aggravated felon. Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005) (citing 8 U.S.C. § 1229(b)). He contends that his criminal attorneys were ineffective for failing to advise him of the

3

immigration consequences of his guilty pleas. However, as noted by the BIA, Crawford's convictions are final for immigration purposes until they are overturned. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008) "(citing United States v. Garcia-Echaverria, 374 F.3d 440, 445–46 (6th Cir. 2004); Grageda v. INS, 12 F.3d 919, 921 (9th Cir. 1993); Okabe v. INS, 671 F.2d 863, 865 (5th Cir. 1982); Will v. INS, 447 F.2d 529, 533 (7th Cir. 1971)). To the extent these arguments raise constitutional or legal issues, they are without merit.

For the above reasons, we will deny the petition for review. The Government's motion to dismiss is denied.