**Gerhard FORSTNER, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 77–3026.

United States Court of Appeals, Ninth Circuit.

July 7, 1978.

Rehearing Denied Aug. 2, 1978.

Gerald H. Robinson, Portland, Or., for petitioner.

Jean Gentry Lujan, Atty., Dept. of Justice, Washington, D. C., for respondent.

Before BROWNING and ANDERSON, Circuit Judges, and WATERS *, District Judge.

* Honorable Laughlin E. Waters, District Judge, Central District of California, sitting by designation.

**PER CURIAM:**

Petitioner was found deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11), requiring deportation of any alien convicted of drug-related offenses described in the statute.

Petitioner contends that the record made by the government in the deportation proceeding does not establish that the offense of which he was convicted fell within the scope of section 1251(a)(11). The record shows that petitioner pleaded guilty to violating Oregon Revised Statute § 167.207 which makes it unlawful to "furnish" a narcotic or dangerous drug. " 'Furnishes' means to sell, barter, exchange, give or dispose to another, or to offer or agree to do the same . . . ." O.R.S. § 167.-202(3). Petitioner contends that because the Oregon statute makes it unlawful to "offer" or "agree" to "barter" drugs, whereas section 1251(a)(11) of the Act applies to "conspiracies" and does not mention bartering, a conviction under the Oregon statute may have been for conduct not within section 1251(a)(11).

Section 1251(a)(11) extends broadly to any violation of or a conspiracy to violate "any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana, or . . . any law or regulation governing or controlling the . . . sale, exchange, dispensing, [or] giving away" of those substances. Nothing in the legislative history suggests Congress intended to limit the broad scope of this language. We agree with the Board of Immigration Appeals that it encompasses the conduct made unlawful by the Oregon statute.

Petitioner argues that he was not "convicted" within the meaning of section 1251(a)(11), but pleaded guilty. A plea of guilty is tantamount to conviction. *E. g., Boykin v. Alabama*, 395 U.S. 238, 242, 89

S.Ct. 1709, 23 L.Ed.2d 274 (1969). The conviction was no less final for purposes of section 1251(a)(11) because it may at some future time be expunged under Oregon Revised Statute § 137.225. *E. g., Zabanazad v. Rosenberg,* 306 F.2d 861 (9th Cir. 1962); *Hernandez-Valensuela v. Rosenberg,* 304 F.2d 639, 640 (9th Cir. 1962); *Adams v. United States,* 299 F.2d 327, 331 (9th Cir. 1962).

Nothing indicates that the Service failed to abide by its policy of not instituting deportation proceedings against aliens convicted of possession, importation, or distribution of less than 100 grams of marijuana for no remuneration. *See* INS Operations Instruction 242.1(a)(28). The Board specifically noted that petitioner may move to reopen these proceedings if evidence is produced that petitioner received no remuneration in the marijuana transaction, or if his conviction is eventually expunged.

■ The Immigration judge did not err in permitting the Service to amend the order to show cause after the deportation hearing had concluded to reflect the fact that the substance involved in petitioner's conviction was marijuana. Identification of the substance does not appear to have been in issue; marijuana was specifically referred to in the indictment to which petitioner pleaded guilty. Moreover, the Immigration judge continued the hearing for two months to enable petitioner to respond to the amended charge.

Affirmed.