**Leonel MORALES–ALVARADO,
Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 79–7554.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1980.

Decided April 23, 1981.

Rehearing and Rehearing En Banc
Denied Aug. 28, 1981.

Dan Stormer and Richard Smith, Spokane, Wash., for petitioner.

Frank E. Devine, Dept. of Justice, Washington, D. C., on brief; Eric A. Fisher, Washington, D.C., argued for respondent.

* Honorable Justin L. Quackenbush, United States District Judge, Eastern District of Wash-

Before WALLACE and CANBY, Circuit Judges, and QUACKENBUSH,* District Judge.

WALLACE, Circuit Judge:

Morales-Alvarado appeals from the decision of the Board of Immigration Appeals (Board) denying him the relief of voluntary departure with respect to his order of deportation. Morales-Alvarado claims that the Board improperly considered his criminal conviction of the crime of indecent liberties, in exercising its discretion to deny his application for voluntary departure. Morales-Alvarado asserts that the conviction should not have been considered because it was pending appeal in state court and thus was not final. Subsequent to oral argument in the instant appeal, the Washington Court of Appeals affirmed the conviction of Morales-Alvarado. Therefore, we conclude that this appeal is moot and it is dismissed.

I

Morales-Alvarado, a citizen of Guatemala, entered the United States on December 21, 1976, as a visitor for business. He was authorized to remain in the country until January 21, 1977. He has remained in the United States since that time. In January 1978, Morales-Alvarado was convicted of petty theft for taking a hat valued at $1.35. The Immigration & Naturalization Service (INS) served Morales-Alvarado with an Order to Show Cause on August 16, 1978, alleging that Morales-Alvarado was deportable for having remained in the country beyond the expiration of his visa. In May 1979, Morales-Alvarado was convicted in the State of Washington for the crime of indecent liberties, arising out of an incident with an 8 year old girl. He was placed on probation for three years, and was ordered to serve six months in jail, with credit for time served.

On June 6, 1979, Morales-Alvarado's deportation hearing was held. Morales-Alva-

ington, sitting by designation.

rado admitted his deportability for remaining in the United States after the expiration of his visa, but applied for voluntary departure. At the hearing, once it was established that Morales-Alvarado was still serving time in jail, and would not be released until September 1979, the immigration judge refused to hear any more evidence, and held that Morales-Alvarado was statutorily ineligible for voluntary departure because he could not leave the United States promptly. The attorney for Morales-Alvarado objected to the termination of the proceedings because he wished to put on more evidence on behalf of Morales-Alvarado.

Morales-Alvarado appealed the immigration judge's denial of his application for voluntary departure to the Board. In October 1979, the Board held that the issue of Morales-Alvarado's ability to depart promptly was moot because Morales-Alvarado was then out of jail. The Board went on to decide Morales-Alvarado's request for voluntary departure on the record before it, rather than to remand to the immigration judge. The Board denied, in the exercise of its discretion, Morales-Alvarado's application for voluntary departure. The reason it gave for the denial was Morales-Alvarado's convictions of indecent liberties and petty theft. The Board held that both convictions were crimes of moral turpitude, and concluded that "a discretionary grant of voluntary departure is not warranted in the case."

## II

■ On appeal to this court, Morales-Alvarado contends only that the Board erred in considering his indecent liberties conviction while the conviction was on direct appeal to the Washington Court of Appeals. Morales-Alvarado argues that by considering the conviction, and ordering him deported, the Board abused its discretion and violated his due process and equal protection rights by denying him the effect of his right to the state court appeal. He does not contend that he would be eligible for voluntary departure if his conviction were affirmed on appeal.[1]

■ We take judicial notice, see *United States v. Gonzalez*, 442 F.2d 698, 707 (2d Cir.) (en banc), *cert. denied*, 404 U.S. 845, 92 S.Ct. 146, 30 L.Ed.2d 81 (1971), that subsequent to oral argument in this appeal, Morales-Alvarado's conviction was affirmed. *State v. Morales*, No. 3449 (Wash.Ct.App. Dec. 18, 1980). Although Morales-Alvarado may still petition for review of his conviction in the Supreme Court of Washington,[2] he has exhausted his appeals of right. The Washington Supreme Court hears cases only in its discretion, and its discretion is governed by well-defined considerations. Wash.R.App.P. 13.1, 13.4, 13.6.

■ A criminal conviction may not be considered by the immigration authorities until it is "final." *Pino v. Landon*, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955) (per curiam); *Marino v. INS*, 537 F.2d 686, 691 (2d Cir. 1976); *Will v. INS*, 447 F.2d 529, 532–33 (7th Cir. 1971). The determination of the finality of a conviction is a matter of federal immigration law, not a matter of state law. *See Garcia-Gonzales v. INS*, 344 F.2d 804, 808–09 (9th Cir.), *cert. denied*, 382

1. To obtain voluntary departure, a petitioner must satisfy certain statutory requirements and must be adjudged to have been "a person of good moral character for at least five years" prior to his application. 8 U.S.C. § 1254(e). Morales-Alvarado's final conviction for indecent liberties, with his sentence of three years' probation, would eliminate him from section 1254(e)'s requirement that he not fall within section 1251(a)(4). That section pertains to persons convicted of crimes involving moral turpitude and sentenced to a year or more in prison, or convicted of two crimes involving moral turpitude. 8 U.S.C. § 1251(a)(4). Regardless whether petty theft is a crime of moral turpitude, it is clear that his conviction for indecent liberties, and his sentence of 6 months in prison and 3 years' probation, would render him statutorily ineligible for involuntary departure. *Patel v. INS*, 542 F.2d 796, 799 (9th Cir. 1976).

2. Morales-Alvarado has filed a motion for reconsideration with the Washington Court of Appeals. Under Washington procedure, this is a prerequisite to filing a petition for review with the Washington Supreme Court. Wash.R.App.P. 13.3(b), 13.4(a).

U.S. 840, 88 S.Ct. 88, 15 L.Ed.2d 81 (1965). The question before us is whether a conviction is "final" for purposes of deportation proceedings once any appeal as a matter of right has been exhausted.

█ The cases we have reviewed concerning finality of criminal convictions, for the purposes of the immigration laws, draw the distinction between convictions on direct appeal and those subject to collateral attack. A conviction is not "final" while on direct appeal, and cannot be considered for the purposes of deportation or voluntary departure. Yet, a conviction subject to collateral attack or other modification is final. See Forstner v. INS, 579 F.2d 506, 508 (9th Cir. 1978), cert. denied, 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 36 (1979); Marino v. INS, supra, 537 F.2d at 691–92; Will v. INS, supra, 447 F.2d at 523–33. No court that has made this distinction, however, has had before it the question of whether the possibility of a discretionary appeal is more analogous to collateral attack than to a direct appeal of right.

Although a discretionary appeal to the highest court of a three-tiered state system is ordinarily referred to procedurally as a "direct appeal," it has not been discussed whether the immigration authorities may consider convictions pending discretionary review. No case has held any more than that a conviction may not be considered when the alien has his appeal of right pending.

█ We conclude that this is where the line ought to be drawn. Once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for the purpose of the immigration laws. It would frustrate the immigration laws to permit an alien with a conviction affirmed on appeal to escape deportation while awaiting the disposition of a petition for a discretionary review, or by the same logic, a petition for a writ of certiorari to the United States Supreme Court. We are of the opinion that the discretionary review on direct appeal is analogous to collateral attack for purposes of determining finality in deportation proceedings.

Because Morales-Alvarado has exhausted his appeals of right from his conviction, his conviction is final as far as this proceeding is concerned. He may not now complain that the Board improperly considered his conviction before it was final. Therefore, his appeal is moot.

APPEAL DISMISSED.

CANBY, Circuit Judge, dissenting:

I respectfully dissent. Federal courts have consistently held that a criminal conviction is final for immigration purposes only when direct appellate review of the conviction has been exhausted or waived. Hernandez-Almanza v. United States Department of Justice, 547 F.2d 100, 103 (9th Cir. 1976); Marino v. INS, 537 F.2d 686, 692 (2d Cir. 1976); Aguilera-Enriquez v. INS, 516 F.2d 565, 570 (6th Cir. 1975), cert. denied, 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976); Will v. INS, 447 F.2d 529, 532 (7th Cir. 1971). While the majority correctly notes that this prior authority does not address the precise question before us, I would adhere to the language of these cases and draw the line of finality at the point where all direct appeals, whether of right or discretionary, have been exhausted or waived. The common distinction made in the past has been that between direct appeals and collateral attacks. I see no sufficient reason to erode that distinction by ascribing to discretionary appeals the characteristics of a collateral attack. Perhaps the most important difference between the two categories of attack is that direct appeals, whether of right or discretionary, must be pursued within a clearly limited period of time. Collateral attack is often subject to no such restriction, and for that reason it would be unreasonable to permit the availability of a collateral attack to render a conviction non-final.

It is understandable that an application for discretionary appellate review of a conviction may be viewed as a mere delaying tactic, particularly in cases of deportation. But that limited delay avoids grave injus-

tice in those cases in which discretionary review is granted, and the alien's conviction is reversed. A reopening of the deportation proceedings after deportation has occurred, *see Mendez v. INS*, 563 F.2d 956 (9th Cir. 1977), does not undo the hardship caused by that drastic procedure. I would therefore hold that this appeal is not moot, and would address the substantive issues raised by petitioner.