972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teshome ABATE, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70688.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teshome Abate, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal requesting a discretionary waiver of deportation and relief from deportation. We review the BIA's dismissal for abuse of discretion. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). We deny the petition for review.
 
 
 3
 In 1987, Abate, a permanent resident of the United States, was convicted of second degree murder and sentenced to twenty years in prison. Abate appealed his conviction both to the Arizona Court of Appeals and to the Arizona Supreme Court. Upon losing in both courts, he subsequently filed the first of several petitions for habeas corpus.
 
 
 4
 The Immigration and Naturalization Service ("INS") charged Abate with deportability under 8 U.S.C. § 1251(2)(a) for having been convicted of a crime involving moral turpitude within five years of entry.[1] The immigration judge ("IJ") found Abate deportable as charged and denied him his request for withholding of deportation, asylum, or in the alternative voluntary departure. The BIA affirmed the IJ's decision and dismissed Abate's appeal.
 
 
 5
 In his petition for review, Abate contends that his murder conviction is not yet final and therefore cannot provide the basis for deportability. Abate also contends that the BIA erred when it denied him discretionary relief from deportation.
 
 
 6
 First, a criminal conviction may not be considered by the immigration authorities until it is "final." Pino v. Landon, 349 U.S. 901 (1955) (per curiam). It is well established, however, that a criminal conviction is final for purposes of deportation when direct appellate review is exhausted or is waived. Morales-Alvarado v. INS, 655 F.2d 172, 174-75 (9th Cir.1981). A conviction subject to collateral attack or other modifications is considered final. Id. at 175. Here Abate's conviction is final because he has exhausted the procedures for direct appellate review. His petitions for habeas corpus are collateral attacks on his conviction and therefore do not affect the conviction's finality. See id.
 
 
 7
 Second, Abate is barred by his murder conviction from seeking discretionary relief from deportation either through withholding of deportation or asylum. See 8 C.F.R. §§ 208.16(c)(2)(ii) & 208.14(c)(1) (applications for withholding of deportation and asylum shall be denied if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States"). Here the BIA did not abuse its discretion by finding that Abate's conviction for murder was a serious crime and that he constituted a danger to the community.
 
 
 8
 Moreover, Abate is statutorily ineligible for voluntary departure. Under 8 U.S.C. § 1254(e) voluntary departure is not available to an alien found deportable under 8 U.S.C. § 1251(2)(a); see also United States v. Villa-Fabela, 882 F.2d 434, 439 (9th Cir.1989) (alien convicted of crime of moral turpitude cannot establish that he has been a person of good moral character for at least five years or that he merits the exercise of voluntary departure in the exercise of discretion).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Abate's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Abate entered the United States on August 30, 1984 and was convicted on December 7, 1987. Section 1251(2)(a) states that:
 any alien who is convicted of a crime involving moral turpitude within five years after the date of entry and either is sentenced to confinement or is confined, therefor in a prison correctional institution for one year or longer, is deportable.