990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco AGUILAR-ALMENDAREZ, Defendant-Appellant.
 No. 92-30221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided March 16, 1993.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Aguilar-Almendarez was convicted of re-entering this country after deportation in violation of 8 U.S.C. § 1326. He appeals from the denial of his motion to dismiss the indictment, arguing that the underlying deportation was unlawful and therefore could not be used to establish the deportation element of the § 1326 offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 In August 1991, an Immigration Judge (IJ) deported Aguilar-Almendarez pursuant to 8 U.S.C. § 1251(a)(2) (Supp.1991), which provides that an alien is deportable who is convicted of crimes involving moral turpitude or crimes related to drug distribution. The IJ relied on Aguilar-Almendarez's conviction in an Oregon court for distribution of a controlled substance. At the time of the deportation, the time period for appealing this conviction under Oregon law had not yet elapsed. Aguilar-Almendarez did not directly appeal the deportation order, nor did he appeal his state conviction for drug distribution. (ER at 26.)
 
 
 4
 Within several weeks after Aguilar-Almendarez was deported, the government indicted him for illegally re-entering this country after deportation. The appellant moved to dismiss the indictment on the ground that the prior deportation was unlawful, and the district court denied the motion. The court acknowledged that the IJ had erred in relying on a nonfinal conviction to deport Aguilar-Almendarez. However, the court found that the appellant was not prejudiced by this error because the deportation would have been upheld under existing Ninth Circuit law if he had directly appealed the deportation order. (ER at 26-27.) After the district court denied the motion to dismiss, Aguilar-Almendarez entered a conditional guilty plea reserving his right to appeal the district court's ruling.
 
 
 5
 We review de novo the appellant's claim that defects in the underlying deportation proceeding rendered his conviction invalid. United States v. Proa-Tovar, 975 F.2d 592, 594 (9th Cir.1992) (en banc).
 
 
 6
 Any alien who is arrested and deported and thereafter re-enters the United States violates 8 U.S.C. § 1326 (Supp.1988). In a prosecution for violation of § 1326, a defendant who seeks to collaterally attack a prior order of deportation bears the burden of proving that he was deprived of the right to directly-appeal that order and that he was thereby prejudiced. Proa-Tovar, 975 F.2d at 595. In Proa-Tovar, the defendant had not shown prejudice because he "essentially conceded that a direct appeal could not have yielded a different result." Id.
 
 
 7
 Aguilar-Almendarez argues that he was deprived of the right to appeal the deportation order because the IJ did not inform him that he might have been eligible to apply for certain benefits, such as voluntary departure, suspension of deportation, or permanent residency. Immigration judges are required to inform respondents of any "apparent eligibility" to apply for these benefits. 8 C.F.R. § 242.17 (1992). The appellant concedes that these benefits are not available to those who are deported on the basis of a criminal conviction. (Reply Br. of Appellant at 5.) However, the appellant argues that he would have been informed of these benefits if he had been deported on grounds other than the improper ground of his nonfinal criminal conviction. If he had been informed of these benefits he might have applied for them, and the IJ might have denied them. However, because he was not informed of the benefits, he was "deprived of any basis to appeal." (Opening Br. of Appellant at 10.)
 
 
 8
 Even if this constituted a denial of his right to appeal, it is clear that Aguilar-Almendarez has not demonstrated prejudice. As in Proa-Tovar, Aguilar-Almendarez was not prejudiced because he "would have been deported anyway" if he had directly appealed the deportation order. Proa-Tovar, 975 F.2d at 595. In Morales-Alvarado v. INS, 655 F.2d 172 (9th Cir.1981), a deported alien contended that the Board of Immigration Appeals erred in denying his application for voluntary departure because the Board improperly relied on a nonfinal state conviction which was being appealed. This court dismissed the appeal of the Board's decision as moot because the state conviction was subsequently affirmed. Id. at 175. We held that the appellant could not complain on appeal that his deportation was improperly based on a nonfinal conviction once the conviction became final. Id. See also Kabongo v. INS, 837 F.2d 753, 758 (6th Cir.), cert. denied, 488 U.S. 982 (1988).
 
 
 9
 Thus, even if Aguilar-Almendarez had appealed the deportation order, the appeal would have been dismissed under the rule of Morales-Alvarado because his state conviction did become final shortly after the deportation. Furthermore, Morales-Alvarado also establishes that Aguilar-Almendarez would have been deported even if he had applied for and been denied other benefits and had directly appealed the denial. Once a state conviction becomes final, this court will not hear the appellant complain that he was improperly denied benefits on the basis of a nonfinal conviction. Morales-Alvarado, 655 F.2d at 175.
 
 
 10
 The appellant also argues that he was prejudiced because the IJ might have exercised its discretion and granted voluntary departure or another benefit. We reject this argument because the appellant has not shown that he would have been eligible for one of these benefits at the time of deportation. See Proa-Tovar, 975 F.2d at 595 (defendant bears burden of showing prejudice). Although the government argued to the district court that Aguilar-Almendarez would have been ineligible for these benefits because of his prior convictions, the appellant did not put forth any evidence to demonstrate his eligibility.
 
 
 11
 Finally, Aguilar-Almendarez argues that he was denied his right to appeal because he was deported before he could appeal his state conviction. According to the appellant, this premature deportation functionally deprived him of the right to appeal the deportation order by precluding any attack on the state conviction. Again, even assuming he was denied the right to appeal, the appellant has failed to demonstrate prejudice. Aguilar-Almendarez did not present any evidence to the district court to show that an appeal of his state conviction, which followed a guilty plea, might have been successful.[1]
 
 
 12
 Aguilar-Almendarez has not demonstrated that he was prejudiced by any possible denial of his right to appeal and therefore cannot collaterally attack the underlying deportation order.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The appellant suggests that he is entitled to remand on the issue of prejudice because Proa-Tovar was decided after the district court's decision. However, remand is not necessary since the parties were aware that prejudice was an issue, and the district court explicitly considered this question and concluded that Aguilar-Almendarez had not met his burden of showing prejudice. (ER at 25, 27.)