19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ame ADAKA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70769.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ame Adaka, a native and citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's order ("IJ") finding him deportable as an overstayed nonimmigrant and as an alien convicted of a crime involving moral turpitude, and denying his application for voluntary departure.[1] We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * Detention, Bond, and Section 1252(i)
 
 
 4
 Adaka contends that the attorney general violated his rights by not instituting deportation proceedings expeditiously pursuant to 8 U.S.C. Sec. 1252(i). Adaka also claims that because of this delay, he was detained wrongfully and should have been released on bond. The BIA concluded that such detention and bond issues were not properly raised in a deportation proceeding.
 
 
 5
 Section 1252(i) provides that "[i]n the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction." This court has held that section 1252(i) does not create a private right of action for aliens.[2] See Urbina-Mauricio v. INS, 989 F.2d 1085, 1088 (9th Cir.1993).
 
 
 6
 Adaka was convicted of fraudulent use of another's access card on September 11, 1991. On June 18, 1992, Adaka was ordered to show cause why he was not deportable as charged. Although Adaka claimed the deportation proceeding was unduly delayed, he never maintained that the delay prejudiced his case in any way. See Urbina-Mauricio, 989 F.2d at 1088. Because there is no indication of impropriety and Adaka has no private right of action under section 1252(i), Adaka's section 1252(i) claim is without merit. See id.
 
 
 7
 To the extent Adaka petitions this court for review of the BIA's refusal to address the detention and bond issues, we lack jurisdiction to examine the BIA's decision. Our jurisdiction to entertain appeals from the BIA is confined to "final orders of deportation ... made against aliens within the United States pursuant to administrative proceedings under [8 U.S.C. Sec.] 1252(b)...." See 8 U.S.C. Sec. 1105a(a). Detention and bond determination hearings are conducted by an IJ, and such hearings are separate and apart from proceedings to determine an alien's deportability. See 8 U.S.C. Sec. 1252(a); 8 C.F.R. Secs. 3.19, 242.2(d). A separate agency review process exists for the appeal of an IJ's detention and bond determination.[3] See 8 C.F.R. Secs. 3.38, 242.2(d). Thus, because detention and bond issues are not a part of the deportation proceeding, we have no jurisdiction to review Adaka's petition as to these issues. See 8 U.S.C. Sec. 1105a(a); 8 C.F.R. Sec. 3.19, 3.38, 242.2(d); Matter of P--C--M--, Int. Dec. 3165, at 3 n. 1 (BIA 1991); accord Young v. United States Dep't of Justice, 759 F.2d 450, 457 (5th Cir.), cert. denied, 474 U.S. 996 (1985).
 
 II
 Double Jeopardy
 
 8
 Adaka contends that the BIA erred by failing to conclude that his immigration incarceration[4] and deportation, after his release from prison, violated his double jeopardy rights under the Fifth Amendment. Whether an individual's double jeopardy rights have been violated is a question of law reviewed de novo. United States v. Horodner, 993 F.2d at 191, 193 (9th Cir.1993).
 
 
 9
 This court has held that deportation is a civil action, not criminal punishment. See Urbina-Mauricio, 989 F.2d at 1089 n. 7; LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977). Deportation, therefore, does not constitute double jeopardy because it is not a second punishment for a single crime. See Urbina-Mauricio, 989 F.2d at 1089 n. 7. Thus, Adaka's claim that deportation violates his double jeopardy rights is meritless, and the BIA was not in error. See id.
 
 III
 Finality of Conviction
 
 10
 Adaka contends that because he filed an "appeal"[5] in state court from his conviction for fraudulent use of another's access card in violation of Cal.Penal Code Sec. 484f(2),[6] his conviction was not "final," and the IJ, therefore, erred by concluding he was deportable as an alien convicted of a crime of moral turpitude.[7]
 
 
 11
 Our review in this instance requires a determination of whether there is reasonable, substantial, and probative evidence in the record to support the BIA's decision that the INS carried its burden of proving deportability. Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985). The INS has the burden of proving an alien deportable by "clear, unequivocal, and convincing evidence." See Woodby v. INS, 385 U.S. 276, 286 (1966); see also 8 C.F.R. Sec. 242.14(a).
 
 
 12
 A criminal conviction may not be considered by immigration authorities unless it is "final." Grageda v. INS, No. 92-70322, slip op. 14565, 14568 (9th Cir. Dec. 28, 1993). Whether a conviction is final is a matter of federal immigration law. Morales-Alvarado v. INS, 655 F.2d 172, 174 (9th Cir.1981). Because a conviction is not final while on a direct appeal, it cannot be considered by an IJ for deportation purposes until such an appeal finally is decided. Id. at 175. A conviction that is subject to collateral attack, discretionary review, or other modification, however, is final. Id.
 
 
 13
 Under California law, a defendant convicted on a plea of guilty has no absolute statutory right to appellate review of the judgment of conviction. See Cal.Penal Code Secs. 1237, 1237.5; People v. Serrano, 109 Cal.Rptr. 30, 34 (Cal.Ct.App.1973). Instead, such a defendant has sixty days after judgment in which to file with the trial court a written statement "showing reasonable constitutional, jurisdictional, or other grounds [for appeal] going to the legality of the proceedings." Cal.Penal Code Sec. 1237.5; Cal.R.Ct. 31(d). A trial court abuses its discretion by failing to issue a certificate of probable cause where the defendant's statement "presents any cognizable issue for appeal which is not clearly frivolous and vexatious." People v. Holland, 151 Cal.Rptr. 625, 628 (Cal.1978) (emphasis in original); see also Ramis v. Superior Court, 141 Cal.Rptr. 374, 376 (Cal.Ct.App.1977).
 
 
 14
 Here, the INS presented in evidence certified copies of the criminal complaint, plea agreement, and judgment of conviction which indicated Adaka's September 11, 1991 conviction based on his guilty plea and his October 15, 1991 sentence of sixteen-months incarceration. Where such evidence of conviction has been presented, this court has held that absent some contradictory evidence, the INS has met its burden of proving, by clear and convincing evidence, the alien deportable based on a prior conviction. See Larios-Mendez v. INS, 597 F.2d 144, 145-46 (9th Cir.1979) (per curiam); see also Corona-Palomera v. INS, 661 F.2d 814, 816-17 (9th Cir.1981) (comparing evidence supplied with that presented in Chew v. Boyd, 309 F.2d 857, 867 (9th Cir.1962)).
 
 
 15
 The only evidence Adaka presented to contest the finality of his conviction was his testimony that in August 1992, ten months after his conviction, he sent a letter to the Los Angeles County Superior Court requesting an "appeal" of his conviction. Because Adaka's conviction was only subject to discretionary review, his conviction was final for purposes of the deportation proceeding at the time the judgment was entered. See Morales-Alvarado, 655 F.2d at 174; Cal.Penal Code Sec. 1237.5; Serrano, 109 Cal.Rptr. at 34. Even assuming Adaka's ability to file a written statement and obtain a certificate of probable cause gave him a direct appeal right, he failed to file a statement with the trial court within the sixty-day deadline. See Cal.Penal Code Sec. 1237.5; Cal.R.Ct. 31(d). We, therefore, conclude that there is reasonable, substantial and probative evidence in the record supporting the BIA's decision that the INS carried its burden of proving Adaka deportable. See Hernandez-Robledo, 777 F.2d at 539.
 
 
 16
 PETITION FOR REVIEW IS DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On July 19, 1993, this court received Adaka's motion for leave to file an optional reply brief accompanied by the brief itself. Because Adaka's motion was not received until two months after service of the appellee's brief, we deny the motion as untimely. See Fed.R.App.P. 31; 9th Cir.R. 31-2.2. We note, however, that Adaka's reply brief includes the same issues raised in his opening brief
 
 
 [2]
 Although no private right of action exists under section 1252(i), an alien detained by the Immigration and Naturalization Service ("INS") may be able to compel the INS to hold a deportation proceeding through a mandamus action under 28 U.S.C. Sec. 1361. See Silveyra v. Moschorak, 989 F.2d 1012, 1014-15 and n. 1 (9th Cir.1993) (per curiam) (incarcerated alien had standing to bring mandamus action but failed to state a claim); see also Barron v. Reich, No. 92-55522, slip op. 335, 343-44 (9th Cir. Jan. 13, 1994) (declined to decide whether private cause of action prerequisite for mandamus). Adaka never filed a mandamus action in federal court
 
 
 [3]
 Aliens also may request relief in federal court from extended deportation detention by utilizing the habeas corpus proceedings in 8 U.S.C. Sec. 1252(a)(1). See United States v. Cepeda-Luna, 989 F.2d 353, 358 (9th Cir.1993). Adaka never requested such relief
 
 
 [4]
 To the extent Adaka challenges his immigration incarceration, we are without jurisdiction to review the BIA's decision because detention issues are not part of the deportation proceeding, and, as previously noted, our jurisdiction is limited to review of orders of deportation. See 8 U.S.C. Sec. 1105a(a); 8 C.F.R. Secs. 3.19, 3.38, 242.2(d)
 
 
 [5]
 Adaka's "appeal" was based on the notion that he was denied his right to effective assistance of counsel during his criminal proceeding because his attorney allegedly failed to advise him of the immigration consequences of a guilty plea
 In his appeal to the BIA, Adaka sought to have the validity of his state conviction reviewed by the BIA based on this ineffective assistance of counsel argument. This court has held that immigration authorities have no power to adjudicate the validity of a state conviction underlying a deportation proceeding. See Ocon-Perez v. INS, 550 F.2d 1153, 1154 (9th Cir.1977) (per curiam). Thus, the BIA correctly limited its review to whether Adaka's state conviction was "final" for deportation purposes.
 
 
 [6]
 Cal. Penal Code Sec. 484f(2) provides: "A person other than the cardholder or a person authorized by him or her who, with intent to defraud, signs the name of another or of a fictitious person to an access card, sales slip, sales draft, or instrument for the payment of money which evidences an access card transaction, is guilty of forgery."
 
 
 [7]
 Under 8 U.S.C. Sec. 1251(a)(2)(A)(i), an alien is deportable if he "is convicted of a crime involving moral turpitude committed within five years after the date of entry, and ... either is sentenced to confinement or is confined therefor in a prison or correctional institution for one year or longer...."