46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rigoberto MELO-MARROQUIN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70155.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rigoberto Melo-Marroquin, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") decision finding him deportable for aiding and abetting the entry of illegal aliens into the United States within five years of his entry pursuant to 8 U.S.C. Sec. 1251(a)(1)(E)(i).
 
 
 3
 On appeal to the BIA, Melo-Marroquin contended that the IJ erred by finding his criminal conviction final because, at the time of the deportation hearing, Melo-Marroquin had a habeas petition pending before the federal district court. The BIA did not reach the merits of Melo-Marroquin's appeal, finding that Melo-Marroquin had waived his right to appeal and dismissing his appeal for lack of jurisdiction.
 
 
 4
 In his petition to this court, Melo-Marroquin contends that: (1) the IJ erred by finding his conviction final for immigration purposes; (2) he was denied effective assistance of counsel at his deportation hearing; and (3) the BIA erred by dismissing his appeal for lack of jurisdiction. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition for review.
 
 
 5
 * Background
 
 
 6
 On February 10, 1992, Melo-Marroquin was convicted in federal district court of aiding and abetting the illegal entry of aliens into the United States in violation of 18 U.S.C. Sec. 2 and 8 U.S.C. Sec. 1325 and sentenced to two years unsupervised release. On February 24, 1992, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC") why Melo-Marroquin should not be deported, charging Melo-Marroquin with being a deportable alien pursuant to 8 U.S.C. Sec. 1251(a)(1)(E)(i) for having been convicted of aiding and abetting the entry of illegal aliens into the United States within five years of his own entry.
 
 
 7
 At a deportation hearing on May 26, 1992, the INS submitted a certified record of Melo-Marroquin's criminal conviction. Melo-Marroquin's attorney objected, stating that Melo-Marroquin's conviction was not valid because it was based on a plea of guilty which was not knowing and voluntary. Melo-Marroquin's attorney also contended that Melo-Marroquin's conviction was not final because Melo-Marroquin had filed a motion to vacate the conviction pursuant to 28 U.S.C. Sec. 2255 which was still pending in the district court. After stating his objection, Melo-Marroquin's attorney attempted to question Melo-Marroquin on his guilt to establish that Melo-Marroquin did not commit the crime. The IJ ruled, however, that Melo-Marroquin's attorney's line of questioning was irrelevant because the certified record of Melo-Marroquin's conviction established his guilt.
 
 
 8
 On May 26, 1992, the IJ found that Melo-Marroquin was deportable based on the allegations and charge in the OSC and ordered him to depart voluntarily by August 1, 1992. At the conclusion of the hearing, the IJ asked Melo-Marroquin's attorney whether Melo-Marroquin "wish[ed] to waive or reserve appeal?" Melo-Marroquin's attorney replied, "[w]e waive." Thus, the IJ found that Melo-Marroquin waived his right to appeal.
 
 
 9
 On June 4, 1992, despite his attorney's waiver, Melo-Marroquin filed a pro se notice of appeal to the BIA, alleging that the IJ's finding of his deportability was incorrect because his conviction was not final. By order issued February 10, 1994, the BIA dismissed Melo-Marroquin's appeal for lack of jurisdiction, finding that the IJ's decision became final when Melo-Marroquin waived his right to appeal. On April 12, 1994, Melo-Marroquin timely filed his petition for review.
 
 II
 Merits
 A. Waiver of Right to Appeal to the BIA
 
 10
 The government argues that we do not have jurisdiction to review Melo-Marroquin's claims of IJ error and ineffective assistance of counsel because Melo-Marroquin waived his right to appeal to the BIA. The government reasons that Melo-Marroquin's waiver (1) rendered the IJ's decision final, (2) divested the BIA of jurisdiction over Melo-Marroquin's attempted appeal, and (3) precluded Melo-Marroquin from properly exhausting his claims before presenting them to this court. Melo-Marroquin contends that his waiver was not valid. We review determinations of the BIA de novo. De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991).
 
 
 11
 "Although a deportee may waive his right to judicial review of his deportation order, that waiver must be considered and intelligent. Otherwise, the deportee is deprived of judicial review in violation of due process." United States v. Lopez-Vasquez, 1 F.3d 751, 753 (9th Cir.1993) (quotation and citations omitted). An alien, however, "has been denied the full and fair hearing which due process provides only if the thing complained of causes the alien to suffer some prejudice." Nicholas v. INS, 590 F.2d 802, 809 (9th Cir.1979).
 
 
 12
 Here, it is unclear whether Melo-Marroquin's waiver was considered and intelligent. See United States v. Proa-Tovar, 975 F.2d 592, 593 (9th Cir.1992) (the government conceded that alien's waiver of his direct appeal rights was not knowing and intelligent where alien's attorney expressly waived alien's right to appeal, but where alien was not properly advised of such right). Even if Melo-Marroquin's waiver was not considered and intelligent, however, he cannot demonstrate prejudice suffered as a result of the waiver as required. Id. at 593; Nicholas, 590 F.2d at 809. As discussed below, Melo-Marroquin's underlying claim lacks merit because the IJ did not err in finding his criminal conviction final and because his counsel could not have changed the IJ's mind regarding the finality of his conviction even if he had discussed Melo-Marroquin's pending habeas petition more fully. Thus, even if the BIA erred by affirming the IJ's ruling that he had waived his right to appeal, Melo-Marroquin cannot demonstrate prejudice and thus was not denied due process. Proa-Tovar, 975 F.2d at 593.
 
 
 13
 B. Finality of Melo-Marroquin's Criminal Conviction
 
 
 14
 Melo-Marroquin contends that the IJ erred by finding his conviction final for immigration purposes. This contention lacks merit.
 
 
 15
 We have repeatedly held that once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for immigration purposes. Grageda v. INS, 12 F.3d 919, 921 (9th Cir.1993); Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th Cir.1981). Thus, a conviction subject to collateral attack or other modification is nonetheless final. Id. Because Melo-Marroquin has exhausted his appeal of right from his conviction, his conviction is final. Id. Therefore, his contention that his conviction was not final because he had a habeas petition pending before the district court lacks merit. See id.
 
 C. Ineffective Assistance of Counsel
 
 16
 In his petition for review, Melo-Marroquin for the first time contends that his counsel was ineffective because counsel (1) failed to accurately describe Melo-Marroquin's pending habeas petition to the IJ, and (2) waived Melo-Marroquin's right to appeal which was contrary to Melo-Marroquin's expressed wish. This contention lacks merit.[1]
 
 
 17
 Ineffective assistance of counsel in a deportation proceeding is a denial of due process if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case. Ramirez-Durazo v. INS, 794 F.2d 491, 499-450 (9th Cir.1986). To prevail on an ineffective assistance of counsel claim, an alien must show that he was prejudiced by his representative's performance. Mohsseni Behbahani, 796 F.2d at 251. Claims of ineffective assistance of counsel present mixed questions of law and fact. Id. at 250. "This court uses its own judgment as to whether counsel was effective." Id.
 
 
 18
 Here, Melo-Marroquin cannot show that he was prejudiced by his counsel's performance. As discussed above, a conviction subject to collateral attack or other modification is nonetheless final. Grageda, 12 F.3d at 921; Morales-Alvarado, 655 F.2d at 175. Thus, Melo-Marroquin's counsel's alleged failure to adequately articulate the nature of Melo-Marroquin's pending habeas petition did not prejudice the outcome of his deportation hearing.
 
 
 19
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Generally, absent an overriding justification, an alien must exhaust his administrative remedies prior to seeking judicial review. Vargas v. INS, 831 F.2d 906, 907-908 (9th Cir.1987) ("[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter"); see also 8 U.S.C. Sec. 1105a(c)
 Nonetheless, because the BIA does not have jurisdiction to adjudicate constitutional issues, due process claims are exempt from this procedural rule if the alien is able to show that the claims do not involve "procedural errors correctable by the administrative tribunal." Vargas, 831 F.2d at 908.
 Here, Melo-Marroquin's claim of ineffective assistance of counsel is a due process error which is not correctable by the BIA, and thus he need not have exhausted this claim. See id.