60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos Humberto AGUIRRE-COLINDRES, Plaintiff-Appellant,
v.
Robert L. BOMBAUGH; Richard L. Thornburgh; Gene McNary,
Defendants-Appellees.
 No. 94-35798.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Decided June 30, 1995.
 
 Before: BROWNING, BOOCHEVER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Aguirre-Colindres appeals the district court decision, on summary judgment, that he is not entitled to a de novo asylum hearing under the consent judgment in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991), because he has been convicted of an aggravated felony. We affirm.
 
 
 3
 Aguirre-Colindres contends the plain meaning of the agreement's language, excluding aliens "convicted of an aggravated felony as that term is defined in the Immigration and Nationality Act [INA], as amended," id. at 799, refers only to those aliens convicted of aggravated felony after November 18, 1988, the date the INA was amended. He contends that the use of the term "convicted" is ambiguous. We believe that, as used in the agreement, it unambiguously refers to a final conviction. The crucial issue to be resolved is whether Aguirre-Colindres' conviction was final after November 18, 1988, thereby excluding him from the benefits of the settlement agreement. We hold that it was.
 
 
 4
 We agree with the district court that the rule that "[a] criminal conviction may not be considered by the immigration authorities until it is 'final,"' applies in this case. Morales-Alvarado v. INS, 655 F.2d 172, 174 (9th Cir. 1981). This rule was clearly established at the time the parties entered into the settlement agreement, and thus, it controls our interpretation of the agreement. See Kennewick Irrigation Dist. v. United States, 880 F.2d 1018, 1032 (9th Cir. 1989) ("Federal law controls the interpretation of a contract entered pursuant to federal law when the United States is a party.").
 
 
 5
 We reject Aguirre-Colindres' argument that his conviction was final on October 24, 1988, the date he entered his guilty plea. A conviction is not final for immigration purposes until an alien has exhausted his right to direct appeals. Morales-Alvarado, 655 F.2d at 175. Aguirre-Colindres' right to direct appeals did not accrue until November 23, 1988, when the sentencing court accepted his guilty plea and entered judgment. See Wash. Rev. Code Cr.R. 7.2 (requiring sentencing court to advise defendant of right to appeal). And, his conviction did not become final until sometime after November 23, 1988, when his right to direct appeals expired. See id. (right to appeal irrevocably waived unless notice of appeal filed within 30 days after entry of judgment). Thus, we hold that Aguirre-Colindres' conviction for aggravated felony was final after November 18, 1988, the date the INA was amended to define aggravated felony.
 
 
 6
 Also, we reject Aguirre-Colindres' argument that the parties' "course of dealing" established October 24, 1988, as the date his conviction was final for purposes of construing the agreement. Assuming there was a "course of dealing" between the relevant parties, evidence of this conduct is contradictory and fails to establish a common basis of understanding for interpreting the contract. Cf. U.C.C. Sec. 1-205(a) (defining "course of dealing").
 
 
 7
 Finally, because we hold that Aguirre-Colindres' conviction was final after the INA was amended to define "aggravated felony," we decline to address the district court's alternative holding that the agreement's exclusion language applies to any alien convicted of aggravated felony regardless of when the conviction occurred. Even assuming the agreement intends only to apply the INA's definition of "aggravated felony" prospectively, Aguirre-Colindres is still excluded from the agreement.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3