**Marleny AGERO, Petitioner,**

v.

**Edward McELROY, District Director, Immigration and Naturalization Service; John Doe, Carrier, Respondents.**

No. 95 Civ. 8949 (DLC).

United States District Court,
S.D. New York.

Oct. 20, 1995.

Robert D. Kolken, Sacks & Kolken, Buffalo, NY, for petitioner.

Mary Jo White, United States Attorney for the Southern District of New York, F. James Loprest, Jr., Special Assistant United States Attorney, New York City, for respondents.

MEMORANDUM AND ORDER

MUKASEY, District Judge.

█ Petitioner was convicted in Supreme Court, New York County in 1988, on her own plea of guilty, of selling cocaine to an undercover police officer, and sentenced to an indeterminate prison term of 8⅓ years to life. She was ordered deported as an aggravated felon on August 2, 1993. That determination was upheld on appeal to the Board of Immigration Appeals and no further review was sought. Her attorney has informed the court that she is to be deported to Colombia on Monday October 23. She seeks a temporary restraining order staying her deportation on the ground that at the time she entered her plea, the applicable immigration regulations permitted her to apply for a waiver of deportation, whereas those regulations have now changed to bar such an application, and that accordingly she has applied to the courts of the State of New York to vacate her conviction. She has received no ruling on that motion. In addition, she has applied to the District Director for a stay of deportation pursuant to 8 CFR § 243.4 and has received no ruling on that application either. For the reasons summarized below, the application for a temporary restraining order staying deportation is denied.

█ The regulation in question states in part that "neither the making of the request [for a stay] nor the failure to receive notice of disposition shall relieve the alien from strict compliance with any outstanding notice to surrender for deportation." In addition, a conviction is final for immigration law purposes once direct appeals as of right have been exhausted, and it is plain that the mere prospect of collateral attack on a conviction does not undermine the finality of the conviction for immigration law purposes. *Grageda v. I.N.S.,* 12 F.3d 919 (9th Cir.1993); *Morales–Alvarado v. I.N.S.,* 655 F.2d 172, 175 (9th Cir.1981), and cases cited therein.

Neither the pendency of the request for a stay, if indeed it is pending, nor the pendency of the collateral attack on petitioner's conviction, justifies the granting of a stay.

Accordingly, the application for a temporary restraining order is denied.

SO ORDERED.