**Michael Paller ARINA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73113.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2005.*

Decided Jan. 3, 2006.

Deborah K. Burlinski, Esq., Burlinski Law Office, LLC, Anchorage, AK, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel Department of Home-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

land Security, Portland, OR, OIL, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FERGUSON, KLEINFELD, and GRABER, Circuit Judges.

## MEMORANDUM **

Michael Paller Arina petitions this Court for review of the Board of Immigration Appeals' dismissal of his appeal. Arina was found removable by the immigration judge (IJ) for having committed two crimes of moral turpitude not arising out of the same criminal act. Following an individual hearing, the IJ denied Arina's application for cancellation of removal and ordered him removed to the Philippines. Arina challenges the IJ's determination that a third conviction, for tampering with evidence, was applicable to his removal proceedings, and also contends that his Fifth Amendment rights to a full and fair hearing were violated. We decline to reach Arina's claims regarding the applicability of his third conviction because he is already removable on the basis of two shoplifting convictions. Regarding Arina's constitutional claims, we find that his due process rights were not violated.

### I.

Arina contests the applicability of his 2003 conviction for tampering with evidence to his immigration proceedings, but his arguments regarding this third conviction are irrelevant as Arina is already removable on the basis of two shoplifting convictions. Title 8 U.S.C. § 1227(a)(2)(A)(ii) finds removable "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." This Court has held that "[t]heft is a crime of moral turpitude." *United States v. Villa–Fabela,* 882 F.2d 434, 440 (9th Cir.1989), *overruled on other grounds by United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir.1992) (en banc). Both of Arina's theft convictions are final for immigration purposes, as neither is subject to a direct appeal. *See Morales–Alvarado v. INS,* 655 F.2d 172, 175 (9th Cir.1981) ("Once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for the purpose of the immigration laws."). Since Arina is removable on the basis of two valid theft convictions, we decline to reach his arguments regarding the applicability of his third conviction to his removal proceedings.

### II.

Regarding Arina's constitutional claims, we find that the IJ's denial of Arina's motion to change venue did not violate due process, nor was Arina denied his Fifth Amendment rights to effective representation and a neutral judge at his hearing. This Court has jurisdiction to review constitutional and legal claims that arise in immigration proceedings, *see* 8 U.S.C. § 1252(a)(2)(D), "even when those claims address a discretionary decision," *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003). We review constitutional claims and questions of law, including due process challenges, de novo. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003) (citing *Lopez v. INS,* 184 F.3d 1097, 1099 (9th Cir.1999)).

As an initial matter, the government argues that Arina does not make a color-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

able due process claim because the underlying interest protected by his individual hearing is a discretionary grant of cancellation of removal. The government is mistaken. The right to due process during cancellation proceedings is well-established in this Circuit. *See, e.g., Ramirez–Perez,* 336 F.3d at 1004 (affirming a right to due process in cancellation of removal proceedings); *Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 380 (9th Cir.2003) (en banc); *cf. Yamataya v. Fisher,* 189 U.S. 86, 100, 23 S.Ct. 611, 47 L.Ed. 721 (1903) (administrative officials must comply with due process in executing immigration laws); *Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 212, 73 S.Ct. 625, 97 L.Ed. 956 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.").

### III.

■ Regarding the merits of Arina's due process claims, he is unable to show how the venue of his hearing denied him due process. We will reverse on due process grounds if a proceeding is "so fundamentally unfair that the alien [i]s prevented from reasonably presenting his case," *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks omitted), and there is prejudice. *See, e.g., id.* at 971–72 (remanding for a new hearing when the IJ refused to allow the petitioner to testify on key issues); *Jacinto v. INS,* 208 F.3d 725, 728–32 (9th Cir.2000) (finding a due process violation where the IJ inadequately explained the procedures of the hearing to an unrepresented alien, failed to inform her she had a right to counsel and to present testimony, and failed to explain any of her rights).

The claims raised by Arina regarding the venue of his hearing do not rise to the level of a due process violation. Arina attended his hearing, was represented by counsel, provided telephonic testimony of witnesses, submitted exhibits, and testified on his own behalf. One witness, listed on Arina's Pre–Hearing Statement as a character witness, was not reachable because his phone blocked calls from unknown numbers. The unavailability of this witness, assessed in the context of the overall hearing, did not amount to a denial of due process, especially since Arina presented significant character testimony through key witnesses such as his fiancée and his mother. To the extent Arina did not present additional witnesses, the record indicates his counsel made a choice not to do so for reasons unrelated to venue. Concerning Arina's opportunity to obtain a mental health evaluation, he does not provide any explanation of how the venue of the hearing prevented him from obtaining such an evaluation—especially after the IJ continued the hearing for three months until February 2004. We conclude that any adverse effects of the venue of Arina's hearing were not unreasonable or fundamentally unfair to his case.

### IV.

Arina's claims of ineffective assistance and of IJ bias are similarly without merit. Both claims are governed by Arina's due process right to a fair hearing. *See Magallanes–Damian v. INS,* 783 F.2d 931, 933 (9th Cir.1986) (Fifth Amendment right to effective assistance in immigration proceedings); *Castro–Cortez v. INS,* 239 F.3d 1037, 1049 (9th Cir.2001) (Fifth Amendment right to a neutral fact-finder in immigration proceedings). To succeed on either claim, Arina must show deficient performance and prejudice. *See, e.g., Iturribarria,* 321 F.3d at 899–900; *Reyes–Melendez v. INS,* 342 F.3d 1001, 1006, 1008 (9th Cir.2003).

■ Regarding Arina's ineffective assistance claim, the record reflects that the venue did not render Arina's counsel inef-

fectual, but rather that she effectively assisted Arina in "reasonably presenting h[is] case." *Iturribarria,* 321 F.3d at 899. Arina's counsel appeared at his hearing in person, made appropriate arguments, presented evidence and witnesses in support of Arina's cancellation application, and drew out testimony regarding the strongest equities in favor of granting the application.

Nor does the record reflect that the IJ was biased in his handling of Arina's case. The IJ did not engage in any of the types of behavior this Court has found to evince bias, such as prejudging contested issues, *see, e.g., Colmenar,* 210 F.3d at 971, preventing the petitioner from presenting his case, *see, e.g., Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001), or verbally attacking the petitioner, *see, e.g., Reyes–Melendez,* 342 F.3d at 1004. The record reflects that the conduct of the IJ, though perhaps at times impatient, afforded Arina due process.

For the foregoing reasons, the petition for review is **DENIED.**