MEMORANDUM *
Ronald and Margaret Isley appeal the district court’s grant of summary judgment for the IRS on their tax refund claim. They argue the district court erred when it concluded that they lacked standing to seek a refund and that their claims were barred by res judicata. We affirm the district court because Ronald and Margaret Isley lack standing to seek a refund, because their claim is barred by res judicata, and because the Isleys cannot prevail on the substance of them claim. See Walton v. U.S. Marshals Service, 492 F.3d 998, 1009 n. 4 (9th Cir.2007) (“[W]e may affirm the district court’s grant of summary judgment on any ground supported by the record.”).
Because Margaret Isley was not “the person who made the [alleged] overpayment,” 26 U.S.C. § 6402(a), she lacks standing to claim a refund. See United States v. Elam, 112 F.3d 1036, 1038 (9th Cir.1997). If Margaret Isley believes that the bankruptcy estate improperly paid Ronald Isley’s tax debt with assets on which she held a lien, her remedy lies against the bankruptcy estate or Ronald Isley, not the IRS.
Had Ronald Isley not declared bankruptcy, he would clearly have statutory standing under 26 U.S.C. § 6402 to claim a refund of any overpayment he made to satisfy his tax debts. However, Ronald Isley lacks standing under the Bankruptcy Code, which transfers ownership of Ronald Isley’s assets to the bankruptcy estate during the pendency of the bankruptcy. See 11 U.S.C. § 541. Ronald Isley’s tax refund claim is one of the assets owned by the bankruptcy estate until formally abandoned by the estate. See Dunmore v. United States, 358 F.3d 1107, 1110-12 (9th Cir.2004); see also EDP Med. Computer Sys., Inc. v. United States, No. 03-CV-3619, 2005 WL 3117433, at *5 (E.D.N.Y. Nov. 22, 2005). To allow Ronald Isley to claim this asset where the estate chooses not to do so would undermine the integrity of the bankruptcy process.
Further, the Isleys’ substantive claim also fails to state a basis for a refund. “In the absence of a designation, it is well settled that the IRS enjoys the right to apply payments in the manner it chooses.” In re Plummer, 174 B.R. 284, 286 (Bkrtcy.C.D.Cal.1992); see also id. (collecting cases); In re Technical Knockout Graphics, Inc., 833 F.2d 797, 801-803 (9th Cir.1987). The Isleys’ contention that the IRS improperly applied undesignated funds that it received from the bankruptcy estate at the close of a previous bankruptcy therefore fails to state a claim. The Isleys’ contention that the payment was “voluntary,” rather than “involuntary,” thereby allowing the bankruptcy estate to designate the payment, is irrelevant. Even if the bankruptcy estate had the option of designating the payment, it did not, in fact, exercise it. The IRS therefore *642 had the authority to apply the payment as it chose.
Finally, even if the Isleys had standing to pursue a refund, their claim would be barred by res judicata. The IRS filed a proof of claim before the Bankruptcy Court for the Central District of California regarding the tax liabilities at issue in this action. Although it is not clear that the bankruptcy court had allowed this claim at the time briefing was filed in this appeal, the bankruptcy court explicitly allowed the claim on February 13, 2006, prior to oral argument before this Court. See Morales-Alvarado v. I.N.S., 655 F.2d 172, 174 (9th Cir.1981) (court may take judicial notice of judicial action occurring after the submission of briefing in a case). Because this allowance by the bankruptcy court necessarily decided the legality of the tax claim at issue in this appeal, the Isleys’ claim is barred by res judicata.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.