**Talat Mohamed KABIL, aka Talat Khairy Mahmoud Kabil, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70017.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

Talat Mohamed Kabil, pro se.

Mary Jane Candaux, OIL, Kiley L. Kane, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Talat Mohamed Kabil, a native and citizen of Egypt, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims questions of law, *Mendoza–Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir. 2007), and due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We take judicial notice that subsequent to Kabil's filing of this petition for review, this court dismissed Kabil's appeal of his marriage fraud conviction. *See United States v. Kabil*, 264 Fed.Appx. 610 (9th Cir.2008). We therefore dismiss as moot Kabil's contention that the agency improperly considered his conviction before it was final. *See Morales–Alvarado v. INS*, 655 F.2d 172, 174–75 (9th Cir.1981) (dismissing as moot petitioner's appeal where court took judicial notice that petitioner's conviction was affirmed by an appellate court and petitioner had exhausted his appeals of right).

We lack jurisdiction over Kabil's contention regarding changed circumstances in Egypt because he did not exhaust the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

Contrary to Kabil's contention, his proceedings before the IJ were not "so funda-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mentally unfair that [he] was prevented from reasonably presenting his case." *See Colmenar*, 210 F.3d at 971 (citation omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.